IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01297-MSK-MEH

TROY L. ALDERFER,

    Plaintiff,

v.

BREG, INC.,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are Defendant Breg, Inc.'s Motion to Compel the Deposition of Jason L. Dragoo, M.D. [filed June 29, 2009; docket #139] and Plaintiff's Motion to Amend Scheduling Order to Provide for Coordination of Generic Witness Discovery [filed June 29, 2009; docket #140]. These matters are referred to this Court for adjudication. (Dockets #142, 143.) The Motions are fully briefed, and oral argument would not assist the Court in their adjudication. For the following reasons, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

**I.**    **Background**

Plaintiff brings suit claiming negligence and product liability against Defendant, alleging the pain pump implanted in his left shoulder, which was "manufactured, promoted and distributed" by Defendant, constitutes an unreasonably dangerous and defective product. (*See* docket #119 at 1-2.) Specifically, Plaintiff asserts that the continued doses of medication injected into his shoulder by the pain pump caused a condition termed "chondrolysis," which Plaintiff describes as "the complete or nearly complete loss of cartilage in the shoulder joint." (*Id*. at 3.)

The two motions before the Court implicate similar concerns regarding expert and generic witness testimony. Central to both motions is the denial of this matter for centralization by the U.S. Judicial Panel on Multidistrict Litigation. In the order cited by both parties, the Panel denied the request submitted by plaintiffs in three pending actions to centralize and transfer the pain pump cases to the District of Oregon. The Panel stated,

> The proponents of centralization have not convinced us that the efficiencies that might be gained by centralization would not be overwhelmed by the multiple individualized issues (including ones of liability and causation) that these actions appear to present. The parties can avail themselves of alternatives to Section 1407 transfer to minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F. Supp. 242, 244 (J.P.M.L.1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

*In re Shoulder Pain Pump - Chondrolysis Prod. Liab. Litig.*, 571 F. Supp. 2d 1367, 1368 (J.P.M.L. 2008). Considering this finding in relation to the specific context of the case at hand, the Court GRANTS Defendant's Motion and DENIES Plaintiff's Motion as follows.

**II.    Analysis**

   ***A.    Defendant's Motion to Compel the Deposition of Jason L. Dragoo, M.D.***

In Defendant's Motion to Compel, Defendant describes how Plaintiff disclosed four medical experts to testify regarding general causation of chondrolysis. (Docket #139 at 1.) Defendant contends Plaintiff refuses to produce Dr. Dragoo, one of the four designated experts, for deposition because Dr. Dragoo was previously deposed for seven hours in the *Meharg* case presently pending in the Southern District of Indiana. (*Id*. at 2.) Defendant Breg is not a party in the *Meharg* case, but Plaintiff cross-noticed Dr. Dragoo's deposition in the two identified cases where Defendant Breg is a party, that is, this matter and the *Hamilton* case pending in the Southern District of Ohio. Defendant asserts that "in the absence of a multi-district litigation agreement or other stipulation,

2

the Federal Rules of Civil Procedure guarantee Breg the right to depose the expert witnesses presented against it." (*Id*. at 3.)  Additionally, Defendant believes it should not be limited to the deposition of Dr. Dragoo conducted in the *Meharg* case because the prior deposition did not afford Defendant the opportunity to question Dr. Dragoo about Defendant's distinct asserted defenses. (*Id*. at 4.)

In response, Plaintiff contends Defendant fails to meet the burden requisite for an additional deposition pursuant to Fed. R. Civ. P. 30(d)(1).  (Docket #146 at 4-5.)  Plaintiff believes that the deposition of Dr. Dragoo in the *Meharg* case comprehensively covered any issue Defendant Breg now seeks to explore.  Plaintiff cites to Section 20.14 of the Manual for Complex Litigation, Fourth as identified by the multidistrict litigation panel for the proposition that courts and parties should "coordinate discovery to avoid duplicate effort." (*Id*. at 5.)

Defendant believes Fed. R. Civ. P. 26(b)(4) entitles it to an opportunity to examine Dr. Dragoo.  (Docket #148 at 6.)  In its reply, Defendant describes six proposed deposition topics, as well as a list of items subpoenaed but not produced by Dr. Dragoo, that it seeks. (*Id*. at 5-6.)  Notably, Defendant asserts it registered its objection to not having the opportunity to question Dr. Dragoo at the deposition itself. (*Id*. at 5 n.2.)  Plaintiff does not contest Defendant Breg's assertion that it was not permitted to ask one question during the seven-hour Dragoo deposition, and in fact, states that the lawyer for AstraZeneca, apparently the leading examiner, questioned Dr. Dragoo for five hours, counsel for Sorenson, another manufacturer, asked one hour of questions, and counsel for Abbott and Hospira, identified as "drug makers," also questioned Dr. Dragoo for one hour. (Docket #146 at 4.)

The Court agrees with Defendant. Fed. R. Civ. P. 26(b)(4) clearly states, "a party may depose any person who has been identified as an expert whose opinions may be presented at trial." Defendant represents to the Court multiple areas of inquiry Defendant believes were inadequately addressed at the *Meharg* deposition. Moreover, the Court agrees with Defendant's characterization that it seeks not a second "bite at the apple," but a first, as it did not get the opportunity to question Dr. Dragoo previously. The multidistrict litigation panel refused to transfer the pain pump cases due to the variety of "individualized issues," and the Court believes Defendant is entitled to depose Dr. Dragoo for the purpose of its own distinct interests. Accordingly, the Court GRANTS Defendant's Motion. Defendant may depose Dr. Dragoo, subject to the provisions of Fed. R. Civ. P. 30, before the close of expert discovery.

### B. *Plaintiff's Motion to Amend Scheduling Order to Provide for Coordination of Generic Witness Discovery*

Plaintiff requests the Court to enter an order providing for "the mutual coordination of generic witness discovery." (Docket #140 at 2.) Plaintiff represents to the Court that "at least 150 chondrolysis actions have been filed," the majority of which initiated after the multidistrict litigation panel issued its order. (*Id*. at 3.) Plaintiff believes Defendant's Motion to Compel the deposition of Dr. Dragoo provides an example of the potential for witnesses to "be forced to appear repeatedly for redundant depositions on the same report and the same issues." (*Id*.) In support of his motion, Plaintiff refers to *In re Eli Lilly and Co. Patent Litig*., 446 F. Supp. 242 (J.P.M.L. 1978), cited by the multidistrict litigation panel in its order denying transfer. The *In re Eli Lilly* Panel suggested that "notices for a particular deposition could be filed in all actions" and the parties could seek orders from the court purposed to coordinate "discovery relevant to more than one action," in order to facilitate the proceedings in cases numerous yet denied for MDL status. 446 F. Supp. at 244.

4

Plaintiff points out that Plaintiff has and continues to honor Defendant Breg's cross-notices of depositions, as a measure to avoid wasting time and expense. (Docket #144 at 6; *see also* docket #149 at 1-2.)

In response, Defendant states that this case's Scheduling Order has been modified at least twice, fact discovery closed in this matter on May 29, 2009, and expert discovery must be completed by September 1, 2009. (*See* dockets #80, 89, 113, 126.) Defendant further represents that the depositions of all of Plaintiff's expert witnesses, except for Dr. Dragoo, will be complete before the end of July. (Docket #147 at 5.) Thus, from Defendant's perspective, the proposed amendment to the Scheduling Order is unnecessary in this case. (Docket #147 at 4-5.) Moreover, Defendant contests this Court's jurisdictional ability to enter an order that would affect the timing of discovery in other courts. Defendant cites the Tenth Circuit's conclusion in *United Nuclear Corp. v. Cranford Ins. Co.*:

> [T]he district court must refrain from issuing discovery orders applicable only to collateral litigation. "[F]ederal civil discovery may not be used merely to subvert limitations on discovery in another proceeding.... [and] a collateral litigant has no right to obtain discovery materials that are privileged or otherwise immune from eventual involuntary discovery in the collateral litigation." *Wilk v. Amer. Med. Ass'n*, 635 F.2d 1295, 1300 (7th Cir. 1980).

905 F.2d 1424, 1428 (10th Cir. 1990). (Docket #147 at 3.) The Court again agrees with Defendant.

Defendant correctly identifies the pertinent dates and deadlines in this matter, namely, that fact discovery closed on May 29, 2009, and expert discovery nears its closing set for September 1, 2009. Furthermore, dispositive motions are due on September 15, 2009, a Settlement Conference is set for October 15, 2009, and a Final Pretrial Conference is scheduled the following month on November 19, 2009. It appears to the Court that for purposes of *this* litigation, a coordination order as suggested by Plaintiff would be unnecessary as discovery is almost complete. In addition,

because such order would not assist the management of the case before the Court, it could potentially infringe on proceedings outside of this Court's jurisdiction, which, as stated by the Tenth Circuit, is impermissible. However, the Court emphasizes to both parties that the Court's denial of Plaintiff's request to enter a coordination order does not lessen the Court's expectations of the parties to voluntarily coordinate with each other in good faith.

### III. Conclusion

Accordingly, the Court **GRANTS** Defendant Breg, Inc.'s Motion to Compel the Deposition of Jason L. Dragoo, M.D. [filed June 29, 2009; docket #139] and **DENIES** Plaintiff's Motion to Amend Scheduling Order to Provide for Coordination of Generic Witness Discovery [filed June 29, 2009; docket #140] as set forth herein.

Dated at Denver, Colorado, this 22nd day of July, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge